Lt. Col. Douglas House Arkansas National Guard Legal Office, Bldg. 6000 North Little Rock, AR 72199-9600
Dear Lt. Col. House:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 through -107).
You indicate that a request has been presented to the Arkansas Military Department for copies of "any and all grievances filed since 1993 by or against certain named employees, and related documents." As discussed in more detail below, you have identified twelve files that are responsive to the request and have made a determination as to whether they should be released.
I am directed by law to issue my opinion as to whether your determination regarding the release of these files is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
I must note initially that you have not provided me with copies of the twelve files under consideration. Rather, you have provided me with descriptions of these files. Without having reviewed these records, I cannot opine definitively concerning their releasability. However, I will discuss the principles of law that appear to be applicable to the types of files you have described, and based upon those principles, will give my conditional opinion concerning your determinations.
I will summarize your descriptions of the grievance records in question, your description of the facts surrounding these records, and your determinations concerning their releasability, as follows:
1. File No. 1 — June, 1999. This file contains allegations that a supervisor violated department standard operating procedures by circumventing the chain of command, specifically by writing a memo that contained untrue statements about the grievant and others. You have determined that this file should be released.
2. File No. 2 — October, 1999. This file contains allegations that state policy was violated in connection with and oral admonishment under the Disciplinary and Adverse Policy. You have determined that this file should be released.
3. File No. 3 — April 26, 1999. This file contains allegations that a supervisor engaged in verbal abuse. You have stated that you do not have the authority to determine the releasability of this file, because it is subject to the Federal Freedom of Information Act.
4. File No. 4 — May, 1999. This file contains a complaint that a supervisor had contacted the grievant's spouse to determine his location. You have determined that this file should be released.
5. File No. 5 — May, 1999. This file contains an allegation that a directive concerning the operation of privately owned vehicles violated state law. You have determined that this file should not be released.
6. File No. 6 — July, 1999. This file contains an allegation that an admonishment for failure to follow instructions in submitting a request for compensatory time had come from someone other than the grievant's immediate supervisor, in violation of standard operating procedures. You have determined that this file should not be released.
7. File No. 7 — April, 1999. This file contains an allegation that a supervisor had engaged in verbal abuse and harassment. You have stated that you do not have the authority to determine the releasability of this file, because it is subject to the Federal Freedom of Information Act.
8. File No. 8 — May and June, 1999. This file contains an allegation of harassment in retaliation for filing a previous grievance. You have determined that this file should not be released.
9. File No. 9 — July, 1999. This file contains a response to an admonishment for failure to follow instructions in submitting a request for compensatory time. You have determined that this file should not be released.
10. File No. 10 — February, 2000. This file contains a response to an admonishment for failure to carry out assigned duties. You have determined this file should not be released.
11. File No. 11 — April, 1999. This file contains an allegation that a supervisor had instructed the grievant to consider disciplining one of his employees. You have determined this file should not be released.
12. File No. 12 — May, 1999. This file contains an allegation of racial discrimination. You have determined this file should be released.
Discussion
I reiterate that I have not been provided with copies of the records under consideration. I therefore cannot opine definitively concerning their releasability. However, upon the basis of your descriptions of the records, and of the facts surrounding those records, I will provide the following discussion of the principles of law that are applicable to the types of records you have described. My discussion assumes (for the sake of discussion) that your descriptions of these records and of the facts surrounding them are correct.
1. File No. 1 — June, 1999. It is my opinion that your determination that this file should be released is not consistent with the FOIA. This office has previously opined that grievance records that are filed in response to allegations of a supervisor or other superior concerning the employee's job performance constitute "employee evaluation/job performance records." See Op. Att'y Gen. No. 97-063. "Employee evaluation/job performance records" can be released only if the following conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
Your description of this file indicates that the grievance was filed in response to an admonishment concerning the employee's job performance. It is therefore my opinion that this grievance record constitutes an employee evaluation/job performance record." Because the employee in question has not been suspended or terminated, the record cannot be released.
2. File No. 2 — October, 1999. It is my opinion that your determination that this file should be released is not consistent with the FOIA. As you describe it, this grievance record was filed in rebuttal to an admonishment that the grievant had received concerning his job performance. For the reasons discussed previously, this record constitutes an employee evaluation/job performance record, and should not be released, because the employee has not been suspended or terminated.
3. File No. 3 — April 26, 1999. Your statement concerning this record seems to indicated your belief that this record is governed by federal law rather than state law, and that you are therefore not the designated custodian of this record and cannot make a determination as to its releasability. Because you have not made a determination concerning the release of this record, I am unable to opine. My responsibility under A.C.A. § 25-19-105 is to give my opinion as to whether your determination of the releasability of requested records is consistent with the FOIA. Accordingly, I can express no opinion.
4. File No. 4 — May, 1999. It is my opinion that your determination that this file should not be released is not consistent with the FOIA. It appears from your description of this grievance that it was created spontaneously and not at the instigation of the employer. This office has taken the position that a record created under these circumstances does not constitute an employee evaluation/job performance record. See Ops. Att'y Gen. Nos. 99-026; 96-033. This record constitutes a personnel record and should be released under the "clearly unwarranted invasion" standard. That is, it is my opinion that the release of this record would not constitute a clearly unwarranted invasion of the employee's personal privacy. It should therefore be released.
5. File No. 5 — May, 1999. It is my opinion that your determination that this file should be released is consistent with the FOIA. Your description of this grievance indicates that it merely addressed general policy matters and did not involve any individual employee's job performance. It therefore does not fall within any of the other exemptions from disclosure under the FOIA.
6. File No. 6 — July, 1999. It is my opinion that your determination that this file should not be released is consistent with the FOIA. It appears that this grievance was filed to rebut an allegation by a supervisor or other superior concerning the grievant's job performance, and therefore became an employee evaluation/job performance record. Because the grievant was neither terminated nor suspended, the record should not be released.
7. File No. 7 — April, 1999. For the reasons stated above concerning Dyke's Grievance, I can express no opinion concerning this record. You have made no determination concerning its releasability, and I am therefore not authorized by A.C.A. § 25-19-105 to opine.
8. File No. 8 — May and June, 1999. It is my opinion that your determination that this file should not be released is consistent with the FOIA. This grievance appears to have been filed in response to allegations by a supervisor or other superior concerning the employee's job performance, and therefore, as explained previously, constitutes an employee evaluation/job performance record. Because the grievant was not suspended or terminated, the record should not be released.
9. File No. 9 — July, 1999. It is my opinion that your determination that this file should not be released is consistent with the FOIA. It appears that this grievance was filed to rebut an allegation by a supervisor or other superior concerning the grievant's job performance, and therefore became an employee evaluation/job performance record. Because the grievant was neither terminated nor suspended, the record should not be released.
10. File No. 10 — February, 2000. It is my opinion that your determination that this file should not be released is consistent with the FOIA. It appears that this grievance was filed to rebut an allegation by a supervisor or other superior concerning the grievant's job performance, and therefore became an employee evaluation/job performance record. Because the grievant was neither terminated nor suspended, the record should not be released.
11. File No. 11 — April, 1999. It is my opinion that your determination that this file should not be released is not consistent with the FOIA. It appears that this file was created spontaneously by the employee and not at the instigation of the employer, nor does it appear to rebut any allegations by a supervisor or other superior concerning the grievant's job performance. It therefore does not constitute an employee evaluation/job performance record. Rather, it constitutes a personnel record, and is therefore releasable under the "clearly unwarranted invasion of personal privacy" standard. In my opinion, the release of a grievance of this nature would not constitute a clearly unwarranted invasion of the employee's personal privacy.
12. File No. 12 — May, 1999. It is my opinion that your determination that this file should be released is consistent with the FOIA. This grievance was not filed in response to any allegation by a supervisor or other superior concerning the grievant's job performance. Moreover, it was created spontaneously by the employee and not at the instigation of the employer. It therefore does not constitute an employee evaluation/job performance record, nor does it fall within any other exemption from disclosure under the FOIA.
Conclusion
I reiterate that the opinions I have expressed herein are conditional only, because I have not reviewed the actual records that were requested of the Arkansas Military Department. Rather, I have based my conclusions upon your description of the records and of the facts surrounding those records, as governed by the applicable principles of law. Ultimately, the determination regarding the release of any records requested under the FOIA is the responsibility of the custodian of the records.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh